UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADLEY J BOWMAN,<br><br>                Plaintiff,<br>    v.<br><br>KRISTI NOEM, Secretary of the United States Department of Homeland Security,<br><br>                Defendant. | CASE NO. C24-1466-KKE<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on the Department of Homeland Security's[1] ("DHS") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 6. Because Mr. Bowman's complaint is untimely and equitable tolling is not appropriate, the Court grants the motion. *Id.*

## I. BACKGROUND

On September 11, 2024, Mr. Bowman signed a complaint against DHS for employment discrimination alleging DHS violated the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12112–12117) for failure to accommodate, retaliation, and "[u]nlawful disclosure of my medical condition[.]" Dkt. No. 3 at 1–7. Mr. Bowman included with the complaint the final order

---

[1] The complaint lists the sole defendant as Alejandro N. Mayorkas as the Secretary of the United States Department of Homeland Security. Dkt. No. 3 at 2. Pursuant to Federal Rule of Civil Procedure 25, Kristi Noem was substituted for Alejandro Mayorkas. Dkt. No. 8 at 1 n.1. In the motion to dismiss, the defendant is identified as the Department of Homeland Security. Dkt. No. 6 at 1. Because Plaintiff sues Noem in her official capacity, the discrepancy between the named Defendant and the Defendant identified in the motion to dismiss is immaterial.

from DHS on his Equal Employment Opportunity Commission ("EEOC") complaint ("Final Order"). *Id.* at 8–22. The Court received the complaint by mail on September 13, 2024. *Id.* at 1.

On January 24, 2025, DHS moved to dismiss the complaint as untimely. Dkt. No. 6. DHS argues that the Final Order "notified [Mr. Bowman] of his right to file a civil action in federal court within 90 days of receiving the final notice" and that Mr. Bowman received the Final Order on June 7, 2024, at the latest. *Id.* at 1–2, 4 (citing Dkt. No. 3 at 22 (certificate of mailing by email dated June 7, 2024)). Thus, DHS argues, Mr. Bowman needed to file this case by at least September 8, 2024. *Id.* at 4. Along with the motion to dismiss, DHS submitted a more legible version of the Final Order. Dkt. No. 7-2.

Mr. Bowman opposed DHS's motion to dismiss. Dkt. No. 10. Mr. Bowman acknowledges the Final Order was issued on June 6, 2024 and that he did understand "at a basic level" that he had 90 days to file any civil case. *Id.* at 2. Mr. Bowman argues that he did not receive the final order until June 11th or 12th, and that the deadline should not have begun until June 13th or 14th when he had time to review the Final Order, making his deadline to file September 11th or 12th which he met by mailing the complaint on September 11th. *Id.* at 4. Even if the complaint was not timely, Mr. Bowman argues that equitable tolling should apply for four reasons (*id.* at 7): (1) he did not understand the final order to be a "right to sue" letter (*id.* at 3, 5); (2) the severity of the retaliation and his underlying injury made 90 days too short of a limitations period (*id.* at 5); (3) he previously provided reasonable extensions to the government (*id.* at 2, 7); and (4) he made a good faith effort to meet the deadline (*id.* at 9).

On reply, DHS asserts that even accepting Mr. Bowman's claim that he received the final order on June 12th, the latest possible date, his deadline to file was September 10, 2024. Dkt. No. 11 at 2. DHS also argues equitable tolling should not apply under these facts. *Id.* at 2–3.

The matter is now ripe for the Court's consideration.

ORDER GRANTING MOTION TO DISMISS - 2

## II. ANALYSIS

### A. Legal Standard

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts." *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014).

### B. The Complaint Is Untimely.

The parties agree that, at the very latest, Mr. Bowman received the Final Order on June 12, 2024. Dkt. No. 10 at 4, 11 ("[I]t shall be presumed that the parties received the foregoing … within five (5) calendar days after the date indicated below if sent by regular or certified mail.")[2]; Dkt. No. 11 at 2. The parties also agree that Mr. Bowman had 90 days to file any federal lawsuit. Dkt. No. 6 at 3, Dkt. No. 10 at 2; *see* 42 U.S.C. §§ 12117, 2000e-5(f)(1); 29 C.F.R. § 1614.407. Accordingly, properly excluding the date of the triggering event, Mr. Bowman had to file this case by September 10, 2024. *See* Fed. R. Civ. P. 6(a)(1)(A). The filing date for a complaint is the date the document is delivered to the clerk, here September 13, 2024 (Dkt. No. 3 at 1). *Escobedo v.*

---

[2] Notably, the certificate of service of the Final Order does not reflect that it was mailed to Mr. Bowman, only emailed. Dkt. No. 7-2 at 16. Service via email was therefore complete on June 7, 2024. *Id.* But the parties agree that the Final Order was also sent to Mr. Bowman via regular mail, which would mean that his receipt is presumed within five days of mailing, or at the latest, June 12, 2024. Dkt. No. 6 at 3, Dkt. No. 10 at 4. Because use of the regular mail deadline benefits Mr. Bowman, at the motion to dismiss stage, the Court analyzes the timeliness issue based upon this date.

ORDER GRANTING MOTION TO DISMISS - 3

*Applebees*, 787 F.3d 1226, 1233–34 (9th Cir. 2015) ("[A] civil action is commenced by filing a complaint with the court. As with other pleadings and papers, a complaint is filed by delivering it to the clerk." (cleaned up)). Mr. Bowman did not sign his complaint until September 11, 2024, and it was filed on September 13, 2024. Dkt. No. 3 at 1, 7. When accepting all of Mr. Bowman's allegations as true, the complaint is untimely. *See Rhodes v. Raytheon Co.*, 555 F. App'x 665, 667 (9th Cir. 2014) (affirming dismissal of complaint that missed the 90-day statute of limitations by one day).

**C.     Equitable Tolling Does Not Apply.**

"Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). To establish equitable tolling, a claimant is required to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Fitten v. Wormuth*, No. 22-15075, 2023 WL 2570976, at *1 (9th Cir. Mar. 20, 2023) (citing *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)). None of Mr. Bowman's four arguments to support equitable tolling establish the requisite extraordinary circumstance.

First, Mr. Bowman asserts that he was waiting for an additional "right to sue" notice. Dkt. No. 10 at 3, 5. But the Final Order does not refer to a "right to sue" letter and clearly stated, "You also have the right to file a civil action in an appropriate United States District Court within 90 days after you receive this final decision if you do not appeal to EEOC[.]" Dkt. No. 3 at 15, Dkt. No. 7-2 at 9. Mr. Bowman's misunderstanding of when the statute of limitations began does not create an extraordinary circumstance. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("We now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

ORDER GRANTING MOTION TO DISMISS - 4

Second, Mr. Bowman argues the severity of the retaliation he experienced, and his underlying medical condition made it difficult to meet the 90-day deadline. Dkt. No. 10 at 5. The Ninth Circuit's test for determining whether a mental impairment is severe enough to warrant tolling requires either "(a) plaintiff was unable rationally or factually to personally understand the need to timely file, or (b) plaintiff's mental state rendered him unable personally to prepare a complaint and effectuate its filing." *Johnson v. Lucent Techs. Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011), *as amended* (Aug. 19, 2011) (cleaned up). The Court understands that Mr. Bowman had to make a tough decision that may have been more difficult due to his personal circumstances, but Mr. Bowman does not allege that he was so impaired that he could not meet the deadline and, in fact, only missed the deadline by several days. *Compare Tatum v. Schwartz*, 405 Fed. App'x 169, 171 (9th Cir. 2010) (plaintiff not entitled to equitable tolling when she was able to "write a letter detailing her claim" and "file paperwork" during the relevant period), *with Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (applying equitable tolling when plaintiff was "unable to function in many respects").

For Mr. Bowman's third and fourth arguments for equitable tolling, the Court acknowledges Mr. Bowman has worked diligently and cooperatively with DHS to bring this case and the underlying EEOC complaint. But such behavior, while applauded, does not create an extraordinary circumstance, or otherwise excuse that requirement. *See Smith v. Davis*, 953 F.3d 582, 598–600 (9th Cir. 2020) (confirming equitable tolling requires diligence and an extraordinary circumstance); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002) ("[S]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.").

Mr. Bowman has not established equitable tolling is appropriate and his claim is barred by the statute of limitations. Because Mr. Bowman's claim is barred under the applicable statute of

limitations and cannot be cured, the Court will not grant leave to amend the complaint. *See Phillips v. World Pub. Co.,* 822 F. Supp. 2d 1114, 1125 (W.D. Wash. 2011).

### III.  CONCLUSION

For these reasons, the Court GRANTS the motion to dismiss. Dkt. No. 6.

The case is dismissed with prejudice.

The Clerk is instructed to close the case.

Dated this 7th day of April, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 6